UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RACHEL D.,

                                                                                                                                     <u>DECISION AND ORDER</u>

                                       Plaintiff,

                                                                                                                                      23-CV-6150DGL

                                 v.

COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.
_____

      Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

      On May 18, 2018, plaintiff, then thirty-nine years old, filed an application for supplemental security income, alleging an inability to work since February 1, 2013. Her application was initially denied. Plaintiff requested a hearing, which was held on August 12, 2019 before Administrative Law Judge ("ALJ") Kenneth Theurer. The ALJ issued a decision on September 23, 2019, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #5-1 at 1641-62). Plaintiff appealed, and the Appeals Council denied review.

      Plaintiff commenced an action in federal court, and on March 9, 2022, the federal district court for the Western District of New York (Geraci, J.) reversed and remanded the matter in order for the ALJ to address an issue he appeared to have overlooked; whether the use of a rolling walker was medically necessary for plaintiff's sudden and frequent bouts of vertigo and weakness, as supported by plaintiff's testimony and the opinion of a consulting neurologist. (Dkt #5-1 at

1683-88). Specifically, the Court found that the ALJ erred when he credited a 2017 medical opinion by consulting neurologist Dr. Justine Magurno indicating that a walker was *not* medically necessary, while ignoring or failing to address a contrary 2018 medical opinion by Dr. Magurno, rendered after plaintiff suffered a traumatic brain injury in a motor vehicle accident, that the use of a rolling walker *was* medically necessary. (Dkt. #5-1 at 1687). The Appeals Council accordingly remanded the matter to the ALJ for "further proceedings consistent with the order of the court." (Dkt. #5-1 at 1690-93).

The ALJ held a supplemental hearing by teleconference on November 9, 2022, at which medical expert Dr. Steven S. Goldstein, and vocational expert Susan Moyes, testified. On January 6, 2023, the ALJ issued a new decision, again finding plaintiff not disabled. (Dkt. #5-1 at 1576-89).

Plaintiff now appeals from that decision. The plaintiff has moved (Dkt. #10), and the Commissioner has cross moved (Dkt. #11) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is once again remanded for further proceedings.

**DISCUSSION**

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ summarized plaintiff's medical records, which reflected treatment for, inter alia, osteoarthritis, left shoulder impingement, post surgery on the left first metacarpal phalangeal joint,

migraines, vertigo, obesity, depressive disorder, and anxiety disorder, all of which the ALJ found were severe impairments not meeting the level of a listed impairment. (Dkt. #5-1 at 1579).

Applying the special technique for mental impairments, the ALJ determined that plaintiff has a mild limitation in understanding, remembering, and applying information, a mild limitation in interacting with others, a moderate limitation in maintaining concentration, persistence, and pace, and a moderate limitation in adapting or managing herself. (Dkt. #5-1 at 1580-81). The ALJ therefore found plaintiff's mental impairments to be, by themselves, non-disabling.

The ALJ found that plaintiff has the residual functional capacity ("RFC") to perform sedentary work, with the following additional limitations. She can never climb ladders, ropes, or scaffolds, and can no more than occasionally climb ramps or stairs. She can occasionally balance, stoop, kneel, crouch, and crawl. She can perform no more than frequent handling and fingering with her left, non-dominant hand, and cannot perform overhead reaching with her left upper extremity. Plaintiff can tolerate no more than moderate levels of noise, and should avoid working outdoors in bright sunshine, or working with bright or flickering lights, such as would be experienced in welding or cutting metals. Finally, plaintiff is limited to simple, routine and repetitive tasks, in a work environment free of fast-paced production requirements, and involving only simple, work-related decisions, with few, if any workplace changes. (Dkt. #5-1 at 1582).

Because plaintiff's previous work consisted of cosmetics sales and cashier jobs that did not rise to the level of substantial gainful employment, the vocational expert was not questioned as to whether plaintiff's RFC would permit her to return to those jobs. However, when presented with this RFC as a hypothetical, the vocational expert testified that such an individual could perform the representative unskilled sedentary jobs of document preparer, table worker, and call out operator. (Dkt. #5-1 at 1588). The ALJ accordingly found plaintiff not disabled.

3

I.        **The ALJ's Compliance With The Remand Order**

The chief reason for the previous remand of this matter was the ALJ's failure to consider whether plaintiff's RFC should include the need to use a rolling walker, in light of plaintiff's testimony and Dr. Magurno's 2018 opinion that a rolling walker was medically necessary.

In his decision on remand, the ALJ's discussion of that issue consisted solely of the following: "[i]n support of [Dr. Magurno's 2018] opinion, she cited the need for a walker. However, this finding is not supported by the record. First, this finding was not made at any of the other consultative examinations. Second, it is contrary to regular findings of normal gait." (Dkt. #5-1 at 1586).

Initially, the ALJ's finding that the need for a walker was not supported because it was "contrary to regular findings of normal gait" suggests that the ALJ failed to understand the basis for Dr. Magurno's opinion, or the reasons for the prior district court remand. Dr. Magurno did not opine that a walker was needed to compensate for any gait difficulties: rather, Dr. Magurno indicated that due to plaintiff's problems with sudden bouts of vertigo, possibly connected with a recent brain injury, plaintiff required the use of a sitting walker, so that she could quickly and safely sit down whenever her symptoms struck. (Dkt. #5 at 1295-97, "[i]n my opinion, [a sitting/rolling walker] is necessary for [plaintiff's] vertigo"). In describing plaintiff's testimony and Dr. Magurno's 2018 opinion in his decision, Judge Geraci specifically noted that plaintiff's purported need to use a = walker was so that she could "sit quickly" when an episode of vertigo or weakness erupted. (Dkt. #5-1 at 1686).

The ALJ found that vertigo was one of plaintiff's severe impairments, and as such, was required to explain, with reference to *relevant* evidence in the record, why he rejected plaintiff's

4

testimony and the opinion of a consulting neurologist that the use of a walker was medically necessary to help plaintiff cope with vertigo symptoms. The ALJ did not.

Nor did the ALJ note, when he assessed the consistency and supportability of medical expert Dr. Goldstein's testimony, that Dr. Goldstein appeared to have overlooked Dr. Magurno's 2018 opinion, even while testifying that he had reviewed all of the medical evidence of record. (Dkt. #5-1 at 1608). Specifically, the ALJ asked Dr. Goldstein if there was any "objective evidence that supports required use of an assistive device," to which Dr. Goldstein answered, "[n]ot that I noted . . . I saw that the doctor thought that that was *not* medically necessary and I didn't see a medically determinable impairment that would require the use of a walker . . . there were complaints [of vertigo] but again there was no medically determined impairment that would explain that." (Dkt. #5-1 at 1612-13)(emphasis added). Although Dr. Goldstein was presumably referring to Dr. Magurno's 2017 opinion, rendered prior to plaintiff's 2018 traumatic brain injury, which had observed that the use of a walker did *not* appear to be "medically necessary" (Dkt. #5-1 at 1566-71), the ALJ did not ask Dr. Goldstein why he had either discounted or ignored Dr. Magurno's subsequent 2018 opinion that a walker *was* medically necessary, or otherwise explore why Dr. Goldstein believed that plaintiff's traumatic brain injury and/or vertigo symptoms could not "explain" the need for an assistive device.

An ALJ's "[d]eviation from [a] court's remand order in the subsequent administrative proceedings it itself legal error, subject to reversal on further judicial review." *Sullivan v. Hudson*, 490 U.S. 877, 886 (1989). Here, the ALJ's cursory and incomplete treatment of the very issue he was directed to consider on remand was insufficient to discharge his duty to "take any action that is ordered," and constituted reversible error. 20 C.F.R. §§404.977(b), 416.1477(b).

Because I find that remand is necessary for a fresh consideration of plaintiff's claim and the issuance of an entirely new decision, I decline to reach plaintiff's alternative arguments.

## CONCLUSION

For the forgoing reasons, I find that the ALJ's decision failed to follow the directives issued on remand, and was not supported by substantial evidence. The plaintiff's motion for judgment on the pleadings (Dkt. #10) is granted, the Commissioner's cross motion for judgment on the pleadings (Dkt. #11) is denied, and this matter is remanded for further proceedings. On remand, the ALJ should obtain additional medical opinion evidence as necessary, reassess plaintiff's claim beginning at step one, and render an entirely new decision which, inter alia, gives clear and detailed consideration to the question of whether plaintiff's RFC should have included the ability to use a walker, and if so, during which portion(s) of the relevant period.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
February 14, 2024.