UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RACHEL D.,

                                                    Plaintiff,

                                                    v.

COMMISSIONER OF SOCIAL SECURITY,

                                                  Defendant.
_____

<u>DECISION AND ORDER</u>

23-CV-6150DGL

      Plaintiff, a prevailing party in a claim for Social Security benefits, filed the instant motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), on May 10, 2024. (Dkt. #16). Defendant Commissioner of Social Security ("Commissioner") does not oppose a fee award, but contends that the amount sought, $12,952.41, is excessive and should be reduced.[1]

**DISCUSSION**

      Under EAJA, a prevailing party in a Social Security benefits case may be awarded fees payable by the United States if the Government's position in the litigation was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). EAJA fees are determined by examining the amount of time expended on the litigation and the attorney's hourly rate, which is capped by statute. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); 28 U.S.C. § 2412(d)(2)(A). The Court must

---

[1] That figure represents the fee sought in the motion as originally filed. Plaintiff now seeks an additional $1063.22 for time spent in drafting a reply to the Commissioner's response, bringing the total to $14,015.63.

determine if the hours expended and the rates charged are reasonable, and the fee applicant has the burden to establish the reasonableness of both. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Alnutt v. Cleary*, 27 F.Supp.2d 395, 399 (W.D.N.Y.1998). In assessing reasonableness, the Court examines the circumstances surrounding the case, including whether it presented novel issues or law, or particularly complex facts. *See Scott v. Astrue*, 474 F.Supp.2d 465, 466 (W.D.N.Y. 2007).

The Commissioner's sole objection to the fee motion is that the time claimed by plaintiff's counsel (49.9 hours of attorney time and 9.3 hours of paralegal time) is excessive. The Commissioner states that he "opposes compensation for the 59.2 hours sought by counsel because it exceeds the typical 20-40 hour range for a routine disability case by almost 50%." Def. Mem. (Dkt. #18) at 2. Defendant particularly objects to the 29.8 hours of time for reviewing the record, and contends that it should be reduced by half, to 14.9 hours.

As plaintiff's counsel points out, however, the Commissioner's argument ignores the 4,621-page record in this case, which is far lengthier than in many other cases, including the case cited by defendant, *Barbour v. Colvin*, 993 F. Supp. 2d 284, 291 (E.D.N.Y. 2014). The court in *Barbour* described an "almost 1000" page record as "considerable," and reduced the award from the 61.1 hours requested to 40 hours. In support of that decision, the *Barbour* court cited *Rodriguez v. Astrue*, No. 08-cv-154, 2009 WL 6319262, at *3 (D. Conn. Sept. 3, 2009), *adopted in part*, 2010 WL 1286895 (D. Conn. Mar. 29, 2010), in which the court concluded that 23.2 hours was reasonable to review a "rather large record (468 pages)," particularly in light of the "routine and straightforward nature of the factual and legal issues involved in this case ... ." 2009

WL 6319262, at *4.[2]  The record in this case, then, was over four times as long as that in *Barbour* and nearly ten times as long as that in *Rodriguez*.  See also *Adam M. v. Comm'r of Soc. Sec.*, No. 23-cv-1203, 2024 WL 2931199, at *2 (W.D.N.Y. June 11, 2024) (finding 37.9 hours reasonable where transcript was 796 pages long); *Mack v.Kijakazi*, No. 20-cv-2722, 2023 WL 2919125, at *1-*2 (S.D.N.Y. Apr. 12, 2023) (stating that "the lengthy nature of the administrative record in this social security action–amounting to 2,733 pages in all–militates in favor of a finding the 60.6 hours of work by Plaintiff's counsel ... to be reasonable under the EAJA," and observing that "courts have regularly awarded attorneys' fees for greater than forty hours of work where there was a voluminous administrative record, as is the case here") (collecting cases).

Defendant's argument is also based on the assertion that plaintiff's "counsel's office was already familiar with the procedural history and the facts of this case." (Dkt. #18 at 4.)  That argument likewise misses the mark.

Defendant is correct that plaintiff's counsel's office represented plaintiff in two administrative hearings in 2019 and 2022.  While prior involvement in the agency proceedings may result in greater efficiency in the federal court action, *see Fields v. Kijakazi*, 24 F.4th 845, 855 (2d Cir. 2022); *Rebecca S. v. Comm'r of Soc. Sec.*, No. 20-CV-1480, 2022 WL 2662970, at *2 (W.D.N.Y. July 11, 2022), the Court does not believe that counsel's previous representation at

---

[2] Plaintiff's counsel also contends that the requested hours for reviewing the record are reasonable when looked at on a pages-per-minute basis.  While the Court is not convinced that the reasonableness of a fee request can or should be reduced to such a precise level of mathematical precision, suffice it to say that in light of the voluminous record in this case, the Court does not find the time spent to be excessive on its face.

the agency level years earlier renders the time spent here excessive, particularly given the history of this case.

As explained in the Court's February 14, 2024 Decision and Order, *see* Dkt. #14 at 1-2, plaintiff first applied for benefits in 2018. After that application was denied, she brought an action in this Court, which reversed and remanded to the ALJ for further proceedings. *See* Case No. 20-cv-6619, Dkt. #20 (Geraci, J.). After the ALJ again found that plaintiff was not disabled, plaintiff brought the instant action, which resulted in the Court's decision finding that "the ALJ's decision failed to follow the directives issued on remand, and was not supported by substantial evidence." (Dkt. #14 at 6.) In light of that tortuous history, which was largely attributable to the ALJ's failure to engage in the proper analysis and to follow the Court's directions on remand, I do not believe that counsel spent an unreasonably long time reviewing the voluminous record in this case.

The Commissioner next contends that plaintiff's counsel improperly seeks compensation for 6.6 hours of clerical tasks. Courts in this circuit and elsewhere agree that clerical tasks are not compensable under EAJA, regardless of who performs them. *See*, *e.g.*, *Michelle S. v. Comm'r of Soc. Sec.*, No. 22-cv-33, 2024 WL 2931198, at *4 (W.D.N.Y. June 11, 2024); *Finch v. Saul*, No. 17-CV-892, 2020 WL 1940308, at *6 (S.D.N.Y. Apr. 22, 2020). In general, "clerical tasks are those that require little or no performance of substantive legal tasks, while non-clerical tasks are those that involve some aspect of legal work, whether performed by a lawyer or other source." *David L. R. v. Comm'r of Soc. Sec.*, No. 20-CV-988, at *4 (N.D.N.Y. Mar. 9, 2022).

After reviewing the challenged entries, I agree with the Commissioner that they represent non-compensable, clerical tasks. That includes the 6.5 hours of paralegal time for such items as "completion of federal debt check" and an IFP application, "FDC contract and other rep documents prepared for Client completion," and "Combine, OCR, and live bookmark Federal Court transcript," and 0.1 hour of attorney time for reviewing a notice of appearance. (Dkt. #16-5 at 1; #16-6 at 1.) See Sisk v. Comm'r of Soc. Sec., No. 22-cv-958, 2024 WL 1980094, at *5 (M.D.Tenn. May 3, 2024) (finding similar time entries by plaintiff's counsel's firm to be non-compensable); Wilson v. Comm'r of Soc. Sec., No. 23-cv-7, 2024 WL 1555372, at *5 (M.D.Fla. Apr. 10, 2024) (same); Smith v. Comm'r of Soc. Sec., No. 20-cv-599, at *3 (E.D.Va. Sept. 13, 2023) (same); Tinamarie M. M. v. Comm'r of Soc. Sec., No. 21-CV-4, 2023 WL 8880106, at *2 (N.D.N.Y. Jan. 23, 2023) (same). See also Wood v. Kijakazi, No. 22-CV-67, 2023 WL 187502, at *1 (N.D.Miss. Jan. 13, 2023) ("The preparation of the in forma pauperis motion is a clerical task which requires no legal skill or knowledge"). Fees for those items will therefore be disallowed.

Plaintiff also seeks an award for 4.3 hours of attorney time spent preparing the eight-page reply memorandum of law (Dkt. #19). "It is well recognized ... that time spent litigating a motion to recover fees is generally compensable." Tinamarie M. M., 2023 WL 8880106, at *3. See Vasquez v. Comm'r of Soc. Sec., No. 21-CV-1373, 2023 WL 4535132, at *4 (S.D.N.Y. July 13, 2023) ("The law is clear ... that the EAJA covers 'the cost of all phases of successful civil litigation addressed by the statute,' including the fee award phase") (citing Comm'r, I.N.S. v. Jean, 496 U.S. 154, 166 (1990). That includes fees for time reasonably spent on a reply brief. See, e.g., Vasquez, 2023 WL 4535132, at *4; Tinamarie M. M., 2023 WL 8880106, at *3.

Having reviewed the reply brief in this case and counsel's time records, the Court finds the claimed time to be reasonable and compensable.  *Cf. Adam M.*, 2024 WL 2931199 (awarding fees for 5.2 hours on preparing reply); *Antoine v. Kijakazi*, No. 19-CV-1843, 2023 WL 10554626, at *5 (E.D.N.Y. Dec. 28, 2023) (same); *Daniel W. v. Comm'r of Soc. Sec.*, No. 23-cv-57, 2023 WL 8183025, at *4 (W.D.N.Y. Nov. 27, 2023) (applying 10% across-the-board reduction to time claimed by plaintiff's counsel, including 7.1 hours for time spent on reply brief).

Accordingly, plaintiff's motion for attorney's fees is granted, as follows:  on the initial fee application, 49.8 hours of attorney time at the hourly rate of $240.93, for a total of $11,998.31; 2.8 hours of paralegal time at the rate of $100.00, for a total of $280; and for the reply, 4.3 hours of attorney time at the rate of $247.26, for a total of $1063.22.  The total fee award, then, amounts to $13,341.53.  Since plaintiff has waived direct payment of fees, and agreed that they may be paid directly to her attorney, *see* Pl. Ex. A (Dkt. #16-2 at 2), the award will be paid directly to plaintiff's attorney, subject to any outstanding federal debts owed by plaintiff.  *See Regina M. v. Kijakazi*, No. 21-cv-295, 2023 WL 8880312, at *2 (N.D.N.Y. Feb. 21, 2023); *Jones v. Colvin*, No. 14-cv-6316, 2015 WL 6801830, at *5 (W.D.N.Y. Nov. 5, 2015).

**CONCLUSION**

Plaintiff's motion for attorney's fees pursuant to the EAJA (Dkt. #16) is granted. The Commissioner shall pay $13,341.53 to plaintiff's counsel, subject to offset under the Treasury Offset Program, if any.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       August 27, 2024.